UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NUMBER:

Mary Ann Delaney,

    Plaintiff,

vs.

Carnival Corporation, a foreign corporation,

    Defendant,    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mary Ann Delaney, sues Defendant, Carnival Corporation, for damages and alleges as follows:

1. Plaintiff is a citizen of Florida and was a passenger aboard the CARNIVAL SUNSHINE on September 7, 2014.

2. Defendant, Carnival Corporation, a foreign corporation is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation operated the vessel CARNIVAL SUNSHINE from the Miami, Florida, to various ports in the Caribbean.

4. The claim of the Plaintiff is a maritime personal injury claim.

5. Jurisdiction is proper under 28 U.S.C. § 1333.

6. Venue is proper under 28 U.S.C. 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

7. Plaintiff, Mary Ann Delaney, was a passenger on the CARNIVAL SUNSINE

On September 7, 2014.

8. Defendant, Carnival Corporation has the duty to use reasonable care under the circumstances when operating its cruise.

9. On September 7, 2014, Plaintiff, Mary Ann Delaney was in the ship's deck 4 elevator when she passed out due to a diabetic reaction. The elevator door unexpectedly and improperly closed on her right foot. It did not function properly since it did not open when it came into contact with her foot. As a result of the elevator door closing on her right foot Mary Ann Delaney sustained a broken foot.

10. The injuries sustained by the Plaintiff and were caused by the negligence of Defendant, Carnival Corporation, it's employees, staff, crewmembers, owners, agents and operators by the following acts of omission and commission:

   a. Failure to have properly working and functing elevator doors;

   b. Failure to repair the elevator doors in question;

   c. Failure to ensure elevator doors were in working condition so as not to close on passengers;

   d. Failure to to correct the unsafe condition presented by the elevator doors in question;

   e. Failure to properly maintain and routinely the elevator doors in question to ensure they are working properly.

11. As a direct and proximate result of the Defendant's negligence, Plaintiff, Mary Ann Delaney, suffered injuries to her right foot and bodily injury

resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing case and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Mary Ann Delaney, prays for a judgment to be entered against the Defendant, Carnival Corporation for compensatory damages in the amount of $75,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH, ESQUIRE
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue
Suite 325
Tampa, Florida 33606
(813) 254-1557 Telephone
(813) 254-5172 Facsimile
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
Attorney for Plaintiff, Delaney